UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ALMONDNET, INC. and INTENT IQ, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ORACLE CORPORATION, <br><br> Defendant. | Case No.  6:24-cv-00303 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT AGAINST
ORACLE CORPORATION**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiffs AlmondNet, Inc. and Intent IQ, LLC (collectively, "Plaintiff" or "AlmondNet") make the following allegations against Defendant Oracle Corporation ("Defendant" or "Oracle"):

**INTRODUCTION AND PARTIES**

1. This complaint arises from Defendant's unlawful infringement of the following United States patents owned by AlmondNet, each of which generally relate to novel internet / network-based advertising systems and methods: United States Patent Nos. 8,677,398 and 8,244,582 (collectively, the "Asserted Patents"). AlmondNet owns all right, title, and interest in each of the Asserted Patents to file this case.

2. AlmondNet, Inc. is a corporation organized and existing under the laws of the state of Delaware, having its place of business at 37-18 Northern Blvd. Suite 404, Long Island City, NY, 11101. Intent IQ, LLC is a Delaware limited liability company, having its place of business at 37-18 Northern Blvd. Suite 404, Long Island City, NY, 11101. AlmondNet, Inc. and Intent IQ,

LLC are collectively referred herein as "AlmondNet." Established in 1998, AlmondNet is an industry leader and pioneer in privacy-friendly, targeted advertising. AlmondNet has developed an extensive suite of industry-leading targeted advertising solutions and products, is focused on R&D and the licensing of its extensive portfolio of enabling technology and intellectual property covering numerous areas of the targeting landscape and ecosystem, including profile-based bidding, behavioral targeting, online and offline data monetization, addressable advertising, and multi-platform advertising.

3. On information and belief, Defendant is a Delaware corporation with a principal place of business at 2300 Oracle Way, Austin ,Texas 78741. Defendant may be served with process through its registered agent, the Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant in this action because Defendant is incorporated under the laws of the state of Delaware and has a principal place of business in this at 2300 Oracle Way, Austin ,Texas 78741. Defendant has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products and services that infringe the Asserted Patents.

6. Venue is proper in this District because Defendant resides in this District, has a regular and established place of business in this District, and has committed acts of infringement within this District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,677,398

7. AlmondNet realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

8. AlmondNet owns all rights, title, and interest in U.S. Patent No. 8,677,398, titled "systems and methods for taking action with respect to one network-connected device based on activity on another device connected to the same network," issued on March 18, 2014 ("the '398 patent"). A true and correct copy of the '398 patent is attached as Exhibit 1.

9. AlmondNet has complied with the requirements of 35 U.S.C. § 287(a) with respect to the '398 patent.

10. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products and/or services ("Accused Instrumentalities"), such as, e.g., Oracle BlueKai Data Management Platform, Oracle Marketing Cloud, Oracle Data Cloud, and/or Oracle ID Graph, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '398 patent.

11. The infringement of the '398 patent is also attributable to Defendant. Defendant and/or users of the Accused Instrumentalities directs and controls use of the Accused Instrumentalities to perform acts that result in infringement the '398 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

12. Defendant also knowingly and intentionally induces infringement of claims of the '398 patent in violation of 35 U.S.C. § 271(b). As of at least the date of this Complaint, Defendant has had knowledge of, or was willfully blind to, the '398 patent and the infringing nature of the Accused Instrumentalities before this suit was filed. Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Instrumentalities in ways that directly infringe the '398 patent. Defendant does so intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '398 patent, thereby specifically intending for and inducing its customers to infringe the '398 patent through the customers' normal and customary use of the Accused Instrumentalities.

13. Defendant has infringes claims of the '398 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Instrumentalities, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention. Defendant has knowledge of or is willfully blind to the components in the Accused Instrumentalities being especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. Accordingly, Defendant has been, and currently is, contributorily infringing the '398 patent, in violation of 35 U.S.C. § 271(c).

14. The Accused Products satisfy all claim limitations of claims of the '398 patent. A claim chart comparing an independent claim of the '398 patent to a representative Accused Instrumentalities is attached as Exhibit 2, which is hereby incorporated by reference in its entirety.

15. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured AlmondNet and is liable for infringement of the '398 patent pursuant to 35 U.S.C. § 271.

16. As a result of Defendant's infringement of the '398 patent, AlmondNet is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## COUNT VII

## INFRINGEMENT OF U.S. PATENT NO. 8,244,582

17. AlmondNet realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

18. AlmondNet owns all rights, title, and interest in U.S. Patent No. 8,244,582, titled "method and stored program for accumulating descriptive profile data along with source information for use in targeting third-party advertisements," issued on August 14, 2012 ("the '582 patent"). A true and correct copy of the '582 patent is attached as Exhibit 3.

19. AlmondNet has complied with the requirements of 35 U.S.C. § 287(a) with respect to the '582 patent.

20. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products and/or services ("Accused Instrumentalities"), such as, e.g., Oracle BlueKai Data Management Platform, Oracle Marketing Cloud, Oracle Data Cloud, and/or Oracle ID Graph, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '582 patent.

21. The infringement of the '582 patent is also attributable to Defendant. Defendant and/or users of the Accused Instrumentalities directs and controls use of the Accused Instrumentalities to perform acts that result in infringement the '582 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

22. Defendant also knowingly and intentionally induces infringement of claims of the '582 patent in violation of 35 U.S.C. § 271(b). As of at least the date of this Complaint, Defendant has had knowledge of, or was willfully blind to, the '582 patent and the infringing nature of the Accused Instrumentalities before this suit was filed. Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Instrumentalities in ways that directly infringe the '582 patent. Defendant does so intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '582 patent, thereby specifically intending for and inducing its customers to infringe the '582 patent through the customers' normal and customary use of the Accused Instrumentalities.

23. Defendant has infringes claims of the '582 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Instrumentalities, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention. Defendant has knowledge of or is willfully blind to the components in the Accused Instrumentalities being especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. Accordingly, Defendant has been, and currently is, contributorily infringing the '582 patent, in violation of 35 U.S.C. § 271(c).

24. The Accused Products satisfy all claim limitations of claims of the '582 patent. A claim chart comparing an independent claim of the '582 patent to a representative Accused Instrumentalities is attached as Exhibit 4, which is hereby incorporated by reference in its entirety.

25. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured AlmondNet and is liable for infringement of the '582 patent pursuant to 35 U.S.C. § 271.

26. As a result of Defendant's infringement of the '582 patent, AlmondNet is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, AlmondNet respectfully requests that this Court enter:

a. A judgment in favor of AlmondNet that Defendant has infringed, either literally and/or under the doctrine of equivalents, each of the Asserted Patents;

b. A judgment in favor of Plaintiff that Defendant has willfully infringed the Asserted Patents;

c. A permanent injunction prohibiting Defendant from further acts of infringement of the '398 and the '582 patents;

d. A judgment and order requiring Defendant to pay AlmondNet its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the Asserted Patents;

e. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to AlmondNet, including without limitation, pre-judgment

and post-judgment interest;

f. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to AlmondNet its reasonable attorneys' fees against Defendant; and

g. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

AlmondNet, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: June 3, 2024

Respectfully submitted,

*/s/ Reza Mirzaie*

Reza Mirzaie
Marc A. Fenster
James A. Milkey
Amy Hayden
James Tsuei
Daniel Kolko
Jason Wietholter
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

*Attorneys for Plaintiffs AlmondNet, Inc. and Intent IQ, LLC*